UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Jamel Garland,<br><br>         Plaintiff,<br><br>       -v-<br><br>Berry Global Inc., Sherri Doe, Gladys Doe, Ruben Doe, Oswaldo Doe, and Lou Doe,<br><br>         Defendants. | 2:24-cv-06251<br>(NJC) (LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On October 15, 2024, in an abundance of caution and in light of the pro se status of Plaintiff Joseph Jamel Garland ("Garland"), the Court afforded Garland "one final opportunity" to, by November 5, 2024, either (1) complete and return an AO 239 Long Form to renew his motion to proceed in forma pauperis or (2) pay the $405 filing fee. (Elec. Order, Oct. 15, 2024.) The Court warned Garland that if he failed to do either, the Complaint would be dismissed without prejudice. (*Id.*) The Order was mailed to Garland at his address of record and has not been returned to the Court as undeliverable.

The Court has considered the five factors that must be weighed when determining whether to dismiss a case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure as set forth in *Baptiste v. Sommers*:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

768 F.3d 212, 216 (2d Cir. 2014).

Balancing these factors, it is appropriate to dismiss this action for failure to prosecute under Rule 41(b). Given Garland's failure to respond to the Court's October 15, 2024 Order or to otherwise communicate with the Court in the intervening two months, it appears that Garland has abandoned this case. Garland has failed to comply with this Court's Order for two months and was on notice that such failure would result in dismissal of this action. Defendants will be prejudiced by further delay. Moreover, dismissal without prejudice is not an adjudication on the merits and balances the Court's interest in managing its docket with Garland's interest in being heard.

Accordingly, the Complaint is dismissed without prejudice pursuant to Rule 41(b). The Clerk of the Court shall enter judgment accordingly and close this case.

The Clerk of the Court shall mail a copy of this Memorandum and Order to Garland at his address of record and shall also record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
December 13, 2024

                                     /s/ Nusrat J. Choudhury
                                     NUSRAT J. CHOUDHURY
                                     United States District Judge